UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 06-106-01S |
| | ) | |
| DERRICK ISOM | ) | |

DEFENDANT'S OBJECTION TO PRESENTENCE REPORT
AND MOTION TO STRIKE LANGUAGE

______Now comes Derrick Isom, the Defendant in the above captioned matter, and makes the following objection to the presentence report.

**Objection and Argument**

The presentence report lists all of Mr. Isom's contacts with the criminal justice system, including cases that have been dismissed or for which there is no disposition. The report also recites the alleged facts in cases where Mr. Isom has been convicted and in those cases where he has not. Some of those cases have been dismissed or amended. Mr. Isom objects to the inclusion of those allegations in the presentence report and any use of those facts by the Court in sentencing

In Part B of the presentence report, the probation department has included factual allegations from Mr. Isom's contacts with the criminal justice system as part of the computation of his criminal history category pursuant to §4A of the sentencing guidelines. Those rules focus on convictions and sentences when counting points toward the criminal history category. The alleged facts behind those convictions have no bearing whatsoever on the computation and are not mentioned anywhere in that guideline section as part of the sentencing determination. Similarly, cases where Mr. Isom has not been convicted have no bearing on his criminal history

category.

The case law does not allow a court to consider the underlying facts of a prior conviction when assessing whether a defendant qualifies as either an armed career criminal under 18 U.S.C. §924(e), or a career offender under U.S.S.G. §4B1.1. *See Shepard v. United States,* 544 U.S.13, 26 (2005); *Taylor v. United States,* 495 U.S. 575, 602 (1990). A court may only consider the statutory language of the charge, the indictment or information, the jury instructions, any plea agreement, and any plea colloquy. *Shepard,* 544 U.S. at 26. The Supreme Court reasoned that looking at the factual allegations that gave rise to prior convictions would result in an overwhelming fact finding process and re-litigation of closed cases, a potential violation of defendants' Sixth Amendment jury trial rights. *Taylor* at 601-02. Additionally, the Court noted that 18 U.S.C.§924(e) and U.S.S.G. §4B1.1 specifically refer to convictions, not conduct. *Id.* Like those rules, U.S.S.G. §4A refers only to convictions (and sentences). It does not incorporate the underlying allegations of those criminal contacts. The inclusion of specific alleged facts from Mr. Isom's contacts with the criminal justice system is not consistent with the spirt of the rule in *Shepard.*

The Supreme Court's logic in imposing the categorical approach outlined in *Taylor* and *Shepard* should apply to this Court's consideration and use of those allegations in this presentence report, even when there is no issue of an armed career criminal or career offender designation. The same error and potential harm exist. U.S.S.G. §4A does not include factual allegations in the criminal history computation. Use of those allegations included in the presentence report by the Court invites relitigation of old cases and potentially violates Mr. Isom's Sixth Amendment rights.

Similarly, there is absolutely no reason to include allegations from police reports in cases that are either pending or have been dismissed. The inclusion of such information regarding dismissed or pending charges is unfair to a defendant who cannot reasonably respond without relitigating each of those cases. Some of those dismissals were by the court and some were by the prosecuting authority. The inclusion of alleged details of these cases is extremely prejudicial to the defendant, as the Presentence Report is used by the Federal Bureau of Prisons to determine the classification of the defendant, his ability to obtain furloughs and his eligibility for programs within the institution. Use of this information in the presentence report violates the spirit of the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) which held that any fact other than a prior conviction sufficient to raise the limit of a possible federal sentence must be found by a jury, absent a waiver by the defendant. Certainly including unproven allegations, from cases that were ultimately dismissed, in the presentence report is unduly prejudicial to Mr. Isom.

The defendant respectfully requests that this court sustain his objection and strike this information from the presentence report.

Respectfully submitted
DERRICK ISOM
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 (401) 528-4285 Fax
Mary_McElroy@fd.org

**CERTIFICATION**

I hereby certify that I electronically filed and served a copy of the within on Sandra Beckner, AUSA and Heather McLoughlin, USPO on the 9thday of March, 2007.

/s/ Mary S. McElroy