**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Cr. No. 06-106-01S |
| DERRICK ISOM | ) | |

---

MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW PLEA AND VACATE SENTENCING DATE OF DECEMBER 7, 2O07

Mr. Derrick Isom, has moved this Honorable Court to withdraw his plea of guilty. On December 15, 2006, Mr. Isom plead guilty to the counts named in the indictments, namely, Conspiracy to Distribute and To Possess with intent to Distribute Cocaine Base and Possession with Intent to Distribute Cocaine Base.

Rule 11 of the Federal Rules of Criminal Procedure deals with pleas generally. Rule 11(d)(2)(B) allows the Court to allow Mr. Isom to withdraw his plea of guilty.

Mr. Isom sets out three interrelated reasons that each equate individually, and all of them collectively, as a fair and just reason under Rule 11 to allow him to withdraw his plea.

1. That Isom entered his guilty plea without the government fully complying with its discovery obligations in this matter.

2. That there was new evidence discovered after the plea, and without which did not allow Mr. Isom to enter into the plea knowingly, voluntarily and intelligently.

3. That the conduct of Det. Sgt. Scott Partridge, specifically his testimony at

the Franks hearing of his co defendant Khalid Mason and subsequent discovery of police department property in his home, was so outrageous it deprived Mr. Isom of his due process rights of fundamental fairness under the Rhode Island and United States Constitutions.

## STANDARD OF REVIEW

A defendant can move to withdraw his plea of guilty of *nolo contenders* pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure. Specifically, the rule is set forth below:

> ***d) Withdrawing a Guilty or Nolo Contendere Plea.*** *A defendant may withdraw a plea of guilty or nolo contendere:*
>
> *(1) before the court accepts the plea, for any reason or no reason; or*
> ***(2) after the court accepts the plea, but before it imposes sentence if:***
> *(A) the court rejects a plea agreement under Rule 11(c)(5); or*
> ***(B) the defendant can show a fair and just reason for requesting the withdrawal***.
>
> (Emphasis added)

Furthermore, this Circuit has opined on this Rule in *United States v. Sousa* 468 F.3d 42 (1st Cir. 2006). In that case, the Court ruled:

> *A defendant does not have an automatic right to withdraw a guilty plea, see United States v. Marrero-Rivera, 124 F.3d 342, 347 (1st Cir. 1997), but the court should permit a motion to withdraw if the defendant offers "a fair and just reason," Fed. R Crim. P. 11(d)(2)(B). Among the relevant factors are whether the plea was voluntary, intelligent, knowing, and complied with Rule 11; the force of the reasons offered by the defendant; whether there is a serious claim of actual innocence; the timing of the motion; and any countervailing prejudice to the government if the defendant is allowed to withdraw his plea. See United States v. Padilla-Galarza, 351 F.3d 594, 597 (1st Cir. 2003).*

## ARGUMENT

### A. ISOM ENTERED HIS GUILTY PLEA WITHOUT THE GOVERNMENT FULLY COMPLYING WITH ITS DISCOVERY OBLIGATIONS IN THIS MATTER.

Mr. Isom attended a change of plea hearing before the Honorable Judge William Smith on December 15, 2006. During the colloquy, Mr. Isom complained aboiut the discovery in the case, and that he felt he hadn't received all of it. (Change of Plea Hearing Transcript 12/15/06, page 3 line 2 through page 8 line 23). It was clear that Mr. Isom put a great deal of weight on his plea as it related to reliance upon the discovery he received.

As this court knows, there was additional evidence that was suddenly "discovered" after the decision was issued by this Court and forwarded to my office after the *Franks* hearing by the government. Sgt. Partridge, although completely contradictory to his testimony under oath at the *Franks* hearing, provided the United States Attorney copies of surveillance reports, handwritten notes, BCI records, *inter alia* after the close of the testimonial portion of the *Franks* hearing and just after the finding of his testimony *astonishing* by this Court. This evidence was provided to Mr. Isom nearly eight months after his change of plea at which he expressed his concern about receiving all the discovery in this case.

Furthermore, the government provided my office with additional discovery in the form of grand jury transcripts of Agent Colanduano and Agent Enright thereafter. The river of additional discovery continues fill the bucket after Mr. Isom has plead guilty and awaits sentencing.

In addition, the discovery of new evidence, the existence of which is in direct conflict with the testimony elicited at the *Franks* hearing, which further caused the government to dismiss the charges against the co-defendant Khalid Mason, has caused Mr. Isom to explore avenues to withdraw his plea of guilty. Rule 11(d)(2) allows withdrawal of his plea *prior to* sentencing for "a fair and just reason".

**B. THAT THERE WAS NEW EVIDENCE DISCOVERED AFTER THE PLEA, AND WITHOUT WHICH DID NOT ALLOW MR. ISOM TO ENTER INTO THE PLEA KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY.**

As stated above, the surprising new evidence was given to Mr. Isom many months after his change of plea. He relied on the United States Government and the City of Providence to afford him all the discovery required as a part of Rule 16 and as part of due process.

If a defendant hasn't all the information in possession of the government, then his plea is made without the requisite state of mind to enter into a plea that is knowing, intelligent or certainly voluntary as required by Rule 11.

At the *Franks* hearing, Mr. Isom outlined why he had plead guilty on December 15m, 2006. The following exchange was at the *Franks* hearing of July 11, 2007 between Mr. Connolly, counsel for Khalid Mason and Mr. Isom.

> Q. Were you involved with selling crack cocaine with Khalid Mason at that period of time?
>
> A. There's not a period that me and Khalid dealt drugs together. I did what I did on my own. Khalid as a close friend of mine, and if anything he needed, I would try to be there for him, but there wasn't a time where me and Khalid dealt drugs together.
>
> Q. Now did you tell the prosecutor that in this case?
>
> A. I tried to tell the prosecutor several times that, you know, we're our own men and I don't understand how I'm charged with conspiracy with Khalid Mason in this case. I basically plead out because my situation with my attorney wasn't a sound situation. She basically told me that there was no fight, that I had nothing to fight, and if I wanted to fight, I was facing a life sentence in order to go to trial. And every time that I tried to argue this fact with my lawyer to speak with the prosecutor, she would tell me that the prosecutor said I plead guilty to the crime.
>
> Q. Are you guilty of engaging in a conspiracy to sell crack cocaine with Khalid Mason?
>
> A. I plead guilty to the conspiracy because of the plea agreement. I didn't want to

> face a life sentence, taking a case to trial that seemed to be more of a vendetta than a strong case against me. I just felt that I had no choice at the time but to take the guilty plea, but I never dealt with Khalid in a conspiracy to sell crack cocaine.

The exchange goes on whereupon Mr. Isom denies the cocaine was his or his co defendant's. Mr. Isom testified that he indeed was involved in the sale of drugs during his life, but he was not involved in the sale of these drugs, nor was Mr. Mason. Mr. Isom professes his innocence herein and maintains it on an ongoing basis.

**C. THAT THE CONDUCT OF DET. SGT. SCOTT PARTRIDGE, SPECIFICALLY HIS TESTIMONY AT THE FRANKS HEARING AND SUBSEQUENT DISCOVERY OF POLICE DEPARTMENT PROPERTY IN HIS HOME, WAS SO OUTRAGEOUS IT DEPRIVED MR. ISOM OF HIS DUE PROCESS RIGHTS OF FUNDAMENTAL FAIRNESS UNDER THE RHODE ISLAND AND UNITED STATES CONSTITUTIONS.**

As all the parties to this case now know, Sgt. Partridge's testimony at the Franks hearing was astonishing. His exchange with Mr. Connolly, Khalid Mason's counsel, went as follows:

> Q. Okay, well, here we stand, Mr. Mason has been arrested, based upon your surveillance and to my knowledge, and please correct me if I'm wrong, there isn't a shred of paper to show what you onserved during this sex week surveillance period; is that correct?
>
> A. That's correct.
>
> Q. There isn't a note, correct?
>
> A. That's correct.
>
> Q. There isn't a photograph, correct?
>
> A. That's correct.

Q. There isn't a videotape, correct?

A. That's correct.

Q. There isn't a written surveillance report, correct?

A. That's correct.

Q. There's nothing, correct?

A Pertaining to notes, no.

Q. Except for your sworn testimony.

A. That's correct.

As we all know now, there were notes and surveillance reports that surfaced in the home, purportedly, of Sgt. Partridge. This again astonishing discovery resulted in the government dismissing all charges against Mr. Isom's co-defendant on the day of eve of trial. Sgt. Partridge has yet to be called upon under oath to determine the circumstances of this discovery. Sgt. Partridge isn't merely a witness to the six weeks of surveillance. Sgt. Partridge is indeed the affiant for the search warrant that resulted in this arrest. His sworn testimony is all that is currently available to put Mr. Isom in jail for the remainder of his life.

Indeed, even the Court opined in its decision denying the Motion to Suppress of Mason. In its footnote, which was made prior to the discovery of the evidence that Sgt. Partridge said didn't exist, the court says:

*Lurking in the shadows of this case are other disturbing practices. There is not a single contemporaneous incriminating statement by either defendant that is either recorded or in their own hand*. Franks Decision FN 8, page 18. The court goes on to say that there exists an unrecorded interview with Isom that supposed implicates Mason, but it is taken by Sgt. Partridge. Isom testified that he never made these statements.

Thus far it appears only one witness has failed to testify completely truthfully, and that person is an integral part of the government's case. But for the aggressive nature of Mr. Mason's defense counsel, the sunshine would never have shone into this case as bright as it has.

If these unchallenged statements, astonishing testimony and surreal "facts" remain to operate to deprive Mr. Isom of his day in Court, it would deprive him of his due process rights of fundamental fairness.

CONCLUSION

Mr. Isom has met his burden to allow the withdrawal of the guilty plea. The government has failed to comply with its obligations under Rule 16 and the Pre Trial Order. The force of the arguments for withdrawal are intense. Mr. Isom's claims of actual innocence are "emphatic". Finally, there is absolutely no prejudice to the government, if Mr. Isom is allowed to withdraw his plea of guilty. The only prejudice to the government is that the problem with this case will not quietly go away. Justice cries out for an allowance of his withdrawal of his plea and for a full trial on the merits to find out what really happened in this case against Khalid Mason and Derrick Isom.

Dated: August 20, 2007

/s/ *Patrick J. Sullivan*
Patrick J. Sullivan #5383
505 Tiogue Ave., Suite 3
Coventry, RI 02816
401-823-7991
401-823-4040 fax
Patrick@sullivan-attorneys.com

CERTIFICATE OF SERVICE

I do hereby certify that on August 20, 2007, a copy of the within "Motion to Continue Sentencing" with accompanying memorandum was filed electronically and is available for

viewing and downloading from the ECF system. I also certify that a copy was mailed to:

Michael J. Connoly
Hinckley, Allen and Snyder
43 So. Main St.
Concord, NH 03301

Heather McGloughlin
USPO
10 Weybossett St. 3rd
Providence, RI 02903

CERTIFICATE OF SERVICE

I do hereby certify that on July 12, 2007, a copy of the within "Motion to Continue Sentencing" was filed electronically and is available for viewing and downloading from the ECF system. I also certify that a copy was served on:

Heather McGlaughlin
USPO

s/ *Patrick J. Sullivan*
Patrick J. Sullivan #5383
505 Tiogue Ave., Suite 3
Coventry, RI 02816
401-823-7991
401-823-4040 fax
Patrick@sullivan-attorneys.com