IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 06-106S |
| | ) | |
| DERRICK ISOM | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

While the Government is cognizant that the Court has had ample opportunity to digest and consider the facts of this case and the background and circumstances of Defendant Derrick Isom (Defendant), the government takes this opportunity to explain to the Court why it believes a sentence within the guidelines range is both reasonable and appropriate.

The defendant was arraigned on October 10, 2006 and entered a not guilty plea to Counts I and II of a three-Count indictment. Respectively, those counts charged the defendant with conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base in violation of 18 U.S.C. § 846, and possession with intent to distribute in excess of 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On December 1, 2006, pursuant to 21 U.S.C. § 851, the government filed a sentencing enhancement information alleging a single prior felony drug conviction. On December 15, 2006, the defendant entered a plea of guilty to Counts I and II. The filing of the sentencing enhancement information increased the statutory penalties on each of Counts I and II to a term of imprisonment of twenty years to life, a fine up to

$8,000,000, and a term of supervised release of at least ten years.[1] The mandatory special assessment remained at $100 per count.

The revised Presentence Investigation Report (PSR) computed a base offense level of 34 pursuant to U.S.S.G. § 2D1.1 grounded upon the seizure of 303.91 grams of cocaine base in the form of "crack" cocaine and the conversion of $13,583 to a quantity of controlled substance. The PSR denied the defendant a reduction for acceptance of responsibility and assessed a two-level increase for obstruction of justice. The adjusted offense level was 36. The PSR also found the defendant was a career offender under U.S.S.G. § 4B1.1. Due to the maximum term of imprisonment as life, the offense level was computed as 37.[2] Without an adjustment for acceptance of responsibility, and because the career offense level exceeded the offense level computed from Chapters 2 and 3 of the guidelines, the defendant's total offense level was set at 37. The PSR set the advisory guidelines range at 360 months to life imprisonment.[3]

In addressing whether the defendant should receive a downward adjustment for acceptance of responsibility, the Court should consider certain principles. Under a guidelines calculus, the defendant bears the burden if proving he is entitled to a downward adjustment for

---

[1] Absent the enhancement, the penalties for each count were a term of imprisonment of ten years to life, a fine up to $4,000,000, and a term of supervised release of at least five years.

[2] While the sentencing enhancement information increased the statutory minimum sentence, it did not affect the determination of career offender status or the total offense level applicable to the defendant. The statutory maximum faced by the defendant was life, regardless of the filing of the sentencing enhancement information. It is the offense statutory maximum of life which determines the career offender offense level. U.S.S.G. § 4B1.1(b).

[3] In computing the guidelines range for a career offender, any offense level increase for obstruction of justice is not considered. Under U.S.S.G. § 4B1.1, when the career offender offense level exceeds the offense level otherwise computed, the only adjustment to be considered is acceptance of responsibility under U.S.S.G. § 3E1.1.

acceptance of responsibility. United States v. Munoz, 83 F.3d 7 (1st Cir. 1996). Conduct by the defendant resulting in an enhancement for obstruction of justice (U.S.S.G. § 3C1.1)ordinarily indicates that a defendant has not accepted responsibility. U.S.S.G. § 3E1.1 n.4. This application note further states that there may be extraordinary cases in which both adjustments apply. The existence of obstructive conduct is not confined to the defendant's own case. It may also exist where the obstructive conduct has occurred in a "closely related case, such as that of a co-defendant." U.S.S.G. § 3C1.1 n.1. The commission of perjury is considered obstructive conduct. U.S.S.G. § 3C1.1 n.4(b). A defendant who perjures himself at trial is properly subject under the guidelines to an enhancement for obstruction of justice. United States v. Dunnigan, 507 U.S. 87, 98, 113 S.Ct. 1111, 1119 (1993). See also United States v. Meada, 408 F.3d 14, 24-25 (1st Cir. 2005) (defendant who committed perjury at his suppression hearing was properly enhanced for obstructive conduct and properly denied acceptance of responsibility). To impose an obstruction of justice enhancement predicated upon perjury, the Court must find that the defendant gave "false testimony concerning a material matter with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory." United States v. McKeeve, 131 F.3d 1, 15 (1st Cir. 1997) (quoting United States v. Dunnigan, 507 U.S. at 94, 113 S.Ct. at 1116); United States v. D'Andrea, 107 F.3d 949, 958 (1st Cir. 1997). The Court's findings must encompass all the elements of perjury - falsity, materiality and willfulness. United States v. Matiz, 14 F.3d 79, 84 (1st Cir. 1994).

In considering its sentencing recommendation, the government looks to the defendant's criminal history, which is significant. Independent of the career offender analysis, he was a Criminal History Category VI. He is 32 years of age. In the 17 years since his convictions were

treated as adult convictions, he has been arrested 29 times, including the instant offense. He has averaged 1.7 arrests for each of those 17 years. Excluding the instant case, the defendant has been convicted 16 times. Seven of the convictions were felony convictions, and nine convictions were for misdemeanors. Nine of his convictions did not generate criminal history points. Two of the defendant's convictions were for felony drug trafficking; one conviction was for felony drug possession; one conviction was for felony possession of a firearm; and three were assault convictions. Despite 16 convictions, the total term of imprisonment to which the defendant was sentenced amounts to approximately 46 months and two days. The defendant's 1997 drug trafficking conviction (PSR ¶ 35) resulted in an original sentence of five months imprisonment and a subsequent sentence of nine months imprisonment imposed as a violation of probation. The defendant's 1999 drug trafficking conviction (PSR ¶ 37) resulted in an original sentence of nine months imprisonment and a subsequent sentence of 18 months imprisonment imposed as a violation of probation. The 2002 felony drug possession conviction, originally a drug trafficking charge, (PSR ¶ 40) resulted in a suspended sentence and a subsequent sentence of 18 months imprisonment imposed as a violation of probation. The violation terms of imprisonment noted in PSR ¶¶ 37 and 40 appear to have been served concurrently.

The above analysis shows a history of lenient treatment by various courts towards the defendant. One is certainly left to wonder whether the defendant would be before this Court today if sentences previously imposed upon the defendant had been more substantial and increasingly longer as the convictions began to mount.

The defendant has already been the beneficiary of lenient treatment extended to him by the government in this case. As the Court knows, the government in this case could have alleged

more than one prior felony drug conviction in the sentencing enhancement information. If the government had done so, the defendant would have been subject to a mandatory term of life imprisonment upon conviction of either Count I or Count II. Despite the defendant's conduct subsequent to his plea of guilty, the defendant still enjoys the benefit of his bargain as set forth in the Plea Agreement.[4]

The quantity of crack cocaine seized by the officers in this case is also significant. The 303.91 grams of crack cocaine is over ten ounces, or approximately two-thirds of a pound.

Any thought that the instant conduct by the defendant was an isolated incident is clearly refuted by the defendant's criminal history as well as the admissions made by him to law enforcement officers, many of those admissions being documented in the government's memorandum in support of its objection to defendant's motion to withdraw his plea of guilty. The defendant has chosen a career path, and it is trafficking in controlled substances.

Finally, it is the recollection of the government that in denying the defendant's motion to withdraw his plea of guilty on December 13, 2007, the Court stated it did not believe the Franks hearing testimony of the defendant, except to the extent the defendant testified that in considering a plea of guilty, he knew that if he elected to proceed to trial he faced imprisonment for life upon conviction.

---

[4] The government certainly does not suggest that based upon the defendant's obstructive conduct, the defendant's plea of guilty could stand and the government could now file a superseding sentencing enhancement information resulting in a mandatory sentence of life imprisonment. Under 21 U.S.C. § 851, the information must be filed before trial or the entry of the plea of guilty. The government does note , however, that other than the loss of acceptance of responsibility and the resulting guidelines range change, the responsibility for which fall squarely in the lap of the defendant, the defendant's guidelines position is the same as it was when the original PSR was issued on February 9, 2007.

The government recognizes that a sentence of 360 months imprisonment is an extremely lengthy sentence. However, in light of the defendant's criminal history, his continuous history as a drug trafficker, the leniency he has already received from the government, the quantity of controlled substance, and the false testimony given by him during the Franks hearing, a sentence at the low end of the guidelines range - 360 months - is both appropriate and reasonable.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov
R. I. Bar # 1680

CERTIFICATION

I hereby certify that on the 8th day of February, 2008, I electronically filed and served the Within Government's Sentencing Memorandum to:

Patrick J. Sullivan, Esq.
Law Offices
505 Tiogue Avenue, Suite 3
Coventry, RI 02816

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov
R. I. Bar # 1680