**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA )
)
v. )
) Cr. No. 06-106-01S
DERRICK ISOM )

---

DEFENDANT'S SENTENCING MEMORANDUM

## I. Introduction

Defendant Derrick Isom, by and through counsel, hereby submits to the court the following Sentencing Memorandum setting forth factors the Court should consider in determining the sentence that is "sufficient but no greater than necessary" to accomplish the goals as set forth in 18 U.S.C. 3553(a).

The Defendant is aware that the facts of this particular case are not yet in the distant memory of this Court. The Government's recitation of the facts in their sentencing memorandum is essentially the set of facts that, over the objection of the Defendant, lie before this Court for purposes of sentencing.

## II. Sentencing Considerations

### A. The Law

In determining an appropriate sentence for this defendant, the Court is bound to consider the relevant factors as set forth in 18 U.S.C §3553 (a):

> ***(a) Factors To Be Considered in Imposing a Sentence.***— *The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to*

*be imposed, shall consider—*
***(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;*
***(2)** the need for the sentence imposed—*
***(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;*
***(B)** to afford adequate deterrence to criminal conduct;*
***(C)** to protect the public from further crimes of the defendant; and*
***(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;*

After taking into account the factors stated above, the court must impose a sentence that is "sufficient, but not greater than necessary" to achieve the goals and purposes of sentencing. *Id*. This provision, known as the parsimony provision, is the umbrella under which all other relevant sentencing provisions must come to rest.

As a result of the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are now "effectively advisory" in all cases. *Id* at 757. The result is that a District Court must now "consider guideline ranges" but may "tailor the sentencing in light of other statutory concerns as well." *Id*. Although other considerations are in play in this particular case, *Booker's* footprint remains.

Furthermore, the United States Supreme Court has ruled that an appellate presumption that the guideline sentence is appropriate, but that same presumption on the District Court level is not. *Rita v. United States*, 127 S. Ct. 246 (2007). *Rita* requires district courts to analyze the defendant's sentence and expose it to thorough testing. This testing includes consideration of arguments that the guidelines sentence fails properly to reflect 18 U.S.C. §3553(a) considerations. *Id*.

For reasons set forth hereafter, the Defendant implores the Court to consider his argument

that the sentence recommended by the government and the guidelines is greater than necessary to carry out the parsimony provision of 18 U.S.C. 3553(a), *inter alia*.

**B. <u>Analysis</u>**

As this Court well knows, the sentence called for by the guidelines is driven by the weight and type of drug. Also known by this Court is the 100:1 ratio the guidelines assign to cocaine base versus powder. This ratio has been the subject of numerous reports from the United States Sentencing Commission to Congress. In its 2002 report to Congress, the Commission reported in part, findings that the current penalties exaggerate the relative harmfulness of crack cocaine, the current penalties sweep broadly and apply mostly to low level offenders, the current penalties overstate the seriousness of most crack cocaine offenses, and the current penalties impact minorities mostly. U.S. Sentencing Commission, *Report to the Congress: Cocaine and Federal Sentencing Policy* (May 2002) Report at v-vii.

Interestingly, and contemporaneously, the 100:1 ratio in the guidelines was recently examined by the Supreme Court. In that case, the Court held that a district court can deviate from a properly calculated guideline sentencing range on the basis of the crack/powder disparity in sentencing. *See Kimbrough* ***v.*** *United States*, ___ S.Ct. ___, ___ (2007) [No. 06-6330, slip op. at 21].

In the instant case, the Defendant's Base Offense Level contained in the Presentence Investigation Report (PSR) is set at 34 based upon the seizure of 303.91 grams of actual cocaine base and the transmutation of currency into additional cocaine base, adding more than the actual base by 427.80 grams for a total of 731.71 grams.

Had the Defendant's offense involved the same amount of powder at a 1:1 ratio, the base offense level would have been a 26, not including adjustments. This is a significant reduction.

Understandably, however, in this case, the analysis cannot end there. The Defendant illustrates the foregoing to show the parsimony provisions of 18 U.S.C. 3553(a) are alive and well when dealing with the disparity in sentencing between cocaine base and powder.

The PSR which determines that the Defendant is a career offender subject to 4B1.1 would change as well if the cocaine base were treated as a 1:1 ratio. Again, however, the analysis must continue.

The Government filed an Information Establishing Prior Conviction pursuant to 21 U.S.C 851, prior to the plea of guilty by the Defendant. With that establishment, the minimum sentence under the statute stands at twenty (20) years imprisonment with a maximum of life.

**C. Obstruction of Justice**

The Defendant maintains that he pled guilty based upon the ineffective assistance of counsel, and that his plea was involuntary, unknowing and not intelligent. The Defendant is aware that this Court has ruled thereon, denying his motion to withdraw his plea, essentially mooting these arguments. Notwithstanding Defendant's position, the revised PSR recommends a two level enhancement for obstruction of justice based upon the Government's position that he testified untruthfully at his co-defendant's *Franks* hearing.

The Defendant asserts that any conduct that took place after his plea of guilty did not obstruct the Government in any way. In fact, the Government, after discovering its *own undisclosed evidence*, and on the eve of trial of Khalid Mason, the co-defendant, dismissed the charges against Mason. It is difficult to see how any conduct of the defendant resulted in any prejudice to the Government when upon its own motion, citing their discovery obligations and fairness to the co-defendant, moved, and was granted, dismissal. Based upon that, the upward adjustment should fail.

## **III. Conclusion.**

The Government's recommendation of 360 months is extremely harsh, based upon the totality of the circumstances in this case. This case is unusual at best. In addition, it involves guidelines relating to cocaine base that are suspect, and that from December 2007 and March 2008, shall be treated differently by the United States Sentencing Commission and by the federal judiciary.

The Defendant invites this Court to join that movement and recommends a period of 240 months imprisonment be imposed.

Dated: February 8, 2008

Repsectfully Submitted,
DERRICK ISOM, by
His attorney,

/s/ *Patrick J. Sullivan*

Patrick J. Sullivan #5383
505 Tiogue Ave., Suite 3
Coventry, RI 02816
401-823-7991
401-823-4040 fax
Patrick@sullivan-attorneys.com

## *CERTIFICATE OF SERVICE*

I do hereby certify that on February 8, 2008, a copy of the within Defendant's Sentencing Memorandum was filed electronically and is available for viewing and downloading from the ECF system. I also certify that a copy was mailed to:

Heather McGloughlin
USPO
10 Weybossett St. 3rd
Providence, RI 02903

/s/ *Patrick J. Sullivan*
Patrick J. Sullivan #5383
505 Tiogue Ave., Suite 3
Coventry, RI 02816
401-823-7991
401-823-4040 fax
Patrick@sullivan-attorneys.com