```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND


UNITED STATES OF AMERICA       :
                               :
    vs.                        :    CR No. 06-106 S
                               :
DERRICK ISOM                   :
```

**ORDER**

Derrick Isom has filed a letter with this Court[1] which the Court construes as a motion to extend time to file a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the above matter.

This motion must be denied. First, the motion is premature. From this Court's records it appears that Isom's conviction for federal drug offenses was affirmed by the First Circuit in September 2009. United States v. Isom, 580 F.3d 43 (1st Cir. 2009). His petition for certiorari was denied by the Supreme Court on January 11, 2010, rendering his conviction final. Isom v. United States, 130 S. Ct. 1113 (2010). Isom would have one year from that date to file any § 2255 motion. See 28 U.S.C § 2255(f)(1).[2]

Second, even if not premature, this Court is without jurisdiction to grant it. Although the First Circuit has not directly addressed this issue, other courts have determined that a

---

[1] The letter is dated November 26, 2010 and was received and docketed on December 3, 2010.

[2] This Court is cognizant that there is less than one month remaining in the above-noted twelve-month period.

district court is without jurisdiction to extend the time to file a § 2255 motion to vacate, unless such motion to extend *is accompanied or preceded by* the motion to vacate. See Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001) (a district court does not have subject-matter jurisdiction to extend one-year limitation period to file § 2255 motion unless "(1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitable tolling of the limitations period"). Accord United States v. Humbert, No. 04-506-1, 2010 WL 4665960 (E.D. Pa. Nov. 17, 2010) (citing Green); United States v. Miller, No. 06-CR-20080, 2008 WL 4541418 (C.D. Ill. Oct. 9, 2008) (same). See also United State v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (federal court lacks jurisdiction to consider timeliness of a § 2255 petition until a petition is actually filed). This is because without the filing of an actual motion for post-conviction relief, "there is no case or controversy to be heard, and any opinion [a district court] were to render on the timeliness issue would be merely advisory." Green, 260 F.3d at 82 (quoting Leon, 203 F.3d at 164).

Here, Isom's motion to extend is not accompanied by any § 2255 motion to vacate, nor does the motion itself (his letter) articulate any cognizable claim under § 2255. Rather, it merely requests additional time to investigate certain events involving certain police officers who participated in his own arrest. In the

2

absence of such a claim, this Court cannot construe the instant motion for extension as a § 2255 motion.  Thus, the Court lacks jurisdiction to grant any extension, and Isom's motion must be denied.  See Green, 260 F.3d at 83.

In view of the foregoing, it is hereby ORDERED that Isom's motion to extend the time to file a § 2255 motion be DENIED.  This denial is without prejudice to Isom's timely filing a § 2255 motion to vacate, if he so chooses.[3]

IT IS SO ORDERED:


/s/ William E. Smith
William E. Smith
United States District Judge
Date: December 14, 2010

---

[3] This Court notes that Isom is not precluded from timely filing a § 2255 motion and requesting this Court for leave to conduct discovery pertaining to his motion pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings in the United States District Courts.  This Court makes no intimation here as to whether Isom could show "good cause" for such a request or whether the request would be granted, if made.